MANZO MOORE *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 26, 1884.*

1. INTOXICATING LIQUORS—*permit to druggists—what so regarded.*
Where a village ordinance prohibits the sale or giving away of intoxicating
liquors within the limits of the village, concluding with a proviso that drug-
gists may sell such liquors for purely medicinal, chemical and sacramental
purposes, and fails to provide for the issue of any written permit, this will,
within the meaning of the statute, be of itself a permit to all druggists in the
village to sell such liquors for the purposes named.

2. SAME—*bond not required—under such permit.* A druggist having a
permit to sell intoxicating liquors for medicinal, chemical and. sacramental
purposes, from city or village authorities, is not required to give the bond of
$3000 required by section 5 of the Dram-shop act, of persons taking out
licenses to retail such liquors, and he may sell such liquors for the purposes
above stated without giving such bond.

. 3. SAME—*former decision.* The questions involved in this case did not
arise in *Wright* v. *The People,* 101 Ill. 136, and any general expressions to
be found in the reasoning in that case, which may seem not to be in entire
harmony with the conclusion here reached, must be limited in their effect by
the case then before the court.

WRIT OF ERROR to the Appellate Court for the Third Dis-
trict;—heard in that court on writ of error to the Circuit
Court of Vermilion county; the Hon. J. W. WILKIN, Judge,
presiding.

Mr. W. R. LAWRENCE, for the plaintiff in error.

Mr. C. M. SWALLOW, State's Attorney, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Charles Lynch and Manzo Moore, the plaintiffs in error,
were indicted, in the Vermilion county circuit court, at its
October term, 1882, for unlawfully selling intoxicating liquors
without a license. The cause, by consent of parties, was

submitted to the court without a jury, upon an agreed state of facts. The court, on consideration of the case as submitted, found the defendants guilty on fifteen counts of the indictment, and fined them, severally, $20 on each count. This conviction having been affirmed by the Appellate Court for the Third District, the defendants bring the case here for review.

It appears from the stipulation on which the case was tried, that the defendants, for eighteen months prior to the finding of the indictment, were doing business together, as druggists, in the village of Ridge Farm, in said county, during which time the sales of intoxicating liquors complained of were made, in due course of business. There is no controversy as to the fact of the sales, but they are sought to be justified on the alleged ground that in making them they were acting under a druggist's *permit*, granted to them by the village authorities. To this it is replied by the State, first, that within the meaning of the law no such druggist's permit was ever granted to them by the village authorities; and second, conceding such a permit was granted, it was inoperative and void, because of the defendants' failure to give bond, as required by the fifth section of the Dram-shop act.

The first section of the ordinance relied on by the defendants as showing a permit, after prohibiting the sale and giving away of intoxicating liquors altogether, within the limits of the village, and providing a penalty for its violation, concludes with the following proviso, viz: "*Provided*, druggists may sell such liquors for purely medicinal, chemical and sacramental purposes." The second section then makes it the duty of druggists to report, under oath, all sales, to the village board of trustees, and prescribes a penalty for any violation of the provisions of that section. No *written* permit was ever issued by the board to the defendants, nor, indeed, does the ordinance contemplate such a permit, though the stipulation shows the defendants made regular reports to

the village authorities of all sales made by them, as required by the ordinance.

It must be conceded that the ordinance in question, by its express terms, authorizes all druggists within the corporate limits of the village to sell intoxicating liquors for the purposes above specified, on the conditions named in the ordinance, and this we think was, within the meaning of the statute, a "permit" on the part of the village authorities to the defendants to sell for those purposes. It remains to inquire whether sales of intoxicating liquors under such a permit, when *bona fide* for the purposes specified in the above ordinance, as appears to have been the case here, are subject to the provisions of the fifth section of the Dram-shop act. That section is as follows : "No person shall be licensed to keep a dram-shop, or to sell intoxicating liquors, by any county board, or the authorities of any city, town or village, unless he shall first give bond in the penal sum of $3000, payable to the People of the State of Illinois, with at least two good and sufficient sureties, freeholders of the county in which the license is to be granted, to be approved by the officer who may be authorized to issue the license, conditioned that he will pay to all persons all damages that they may sustain, either in person or property, or means of support, by reason of the person so obtaining a license selling or giving away intoxicating liquors," etc. Rev. Stat. 1874, p. 439, sec. 5.

If this was the only provision of the statute bearing on the question, it might well be concluded the municipal authorities of counties, cities, towns and villages have no power to authorize the retailing of intoxicating liquors for any purpose, unless the party acting under their authority has complied with the provisions of this section by entering into bond, with approved security, as therein directed. But this is not the only provision bearing on the question. The 46th subsection of section 62, of the Revised Statutes of 1874, after

declaring incorporated towns, cities and villages shall have power "to license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor," then adds, by way of proviso, "that the city council in cities, or president and board of trustees in villages, may grant permits to druggists for the sale of liquors for medicinal, mechanical, sacramental and chemical purposes only, subject to forfeiture, and under such restrictions and regulations as may be provided by ordinance." This language is supplemented with the following additional proviso: "*Provided, further*, that in granting licenses such corporate authorities shall comply with whatever general law of the State may be in force relative to the granting of licenses." Now, if the legislature had added the words, "or permits," after the word "licenses," in the concluding part of this last proviso, there would be no room to doubt it was the intention of the act that the keepers of dram-shops, and druggists, should be placed upon the same footing with respect to the observance of the provisions of the general law relating to the sale of intoxicating liquors, and hence the defendants in this case would have been bound to give bond, as required by the fifth section of the Dram-shop act. But such is not the case, and the question is, shall we, by mere judicial construction, add these words, in order to sustain the conviction, which the legislature has seen proper to omit. It is not pretended we have power to do this, but the contention is, that the word "licenses," in this last proviso, is used in its popular or extended sense, and that it therefore includes the word "permits," as used in the preceding proviso. We do not think a fair construction of this sub-section, taking it altogether, sustains the view suggested. If the legislature had intended druggists should be placed upon the same footing with other persons engaged in the retail of intoxicating liquors, there would not have been the slightest occasion, as seems to us, to have made any special reference to druggists at all. To

adopt the construction contended for, would give no effect or operation whatever to the first proviso in said sub-section. Again, it will not do to hold that the word "license," as used in the first part of the section, is not synonymous with the word "permits," in the first proviso, and then, for the purpose of bringing the case within the provisions of the Dramshop act, enlarge its meaning so as to include druggists' permits. On the contrary, we are of opinion that the word "license," or "licenses," is used in the same sense wherever it occurs in this section, and that it is used in a different sense,· and for a different purpose, from the word "permits," and it therefore follows druggists having "permits" do not fall within the provisions of the fifth section of the Dramshop act, and consequently the conviction was improper.

Defendants in error rely upon *Wright* v. *The People*, 101 Ill. 126, as sustaining the contrary view. It is sufficient to say the question involved in this case did not arise in that, and consequently could not have been decided by it. It may be admitted, general expressions in the reasoning of that case are to be found which are not in entire harmony with the conclusion here reached, but the expressions made in that case *in arguendo*, like all other similar expressions, must be limited by the facts of the case then before the court, and it is hardly necessary to observe it is not within the power of this or any other court to make a binding adjudication upon a question which is not presented by the facts of the case then in hand.

The judgment of the Appellate Court is reversed, and the cause remanded, with directions to that court to reverse the judgment of the circuit court, and remand the cause for further proceedings in conformity with this opinion.

*Judgment reversed.*

· Mr. JUSTICE WALKER: I dissent to the decision in this case.